Allan Block Corporation,

       Plaintiff,

v.                                                               Civil No. 05-2879 (JNE/JJG)
                                                                 ORDER

County Materials Corp.,

       Defendant.

---

Darren Schwiebert, Esq., and James Mayer, Esq., Fredrikson & Byron, P.A., appeared for Plaintiff Allan Block Corporation.

Felicia Boyd, Esq., William Roberts, Esq., and Andrew Johnson, Esq., Faegre & Benson LLP, appeared for Defendant County Materials Corp.

---

      This is an action by Allan Block Corporation against County Materials Corporation (County) for patent infringement, breach of contract, breach of the covenant of good faith and fair dealing, and tortious interference with contractual relations. County counterclaims for a declaration that the patents-in-suit, U.S. Patent Nos. 4,909,010 and 5,484,236, are invalid or unenforceable. In an Order dated December 17, 2008, the Court dismissed Allan Block's claims for patent infringement, breach of the covenant of good faith and fair dealing, and tortious interference with contractual relations. The Court also dismissed some of Allan Block's claims for breach of contract. The Court concluded that County had not satisfied its burden of establishing that the asserted claims of the patents-in-suit are invalid due to anticipation. Finally, the Court concluded that the asserted claims of U.S. Patent No. 5,484,236 are invalid due to obviousness. A jury trial is scheduled to begin on July 13, 2009. On June 26, 2009, the Court

held a final pretrial conference and heard argument on the parties' motions in limine.[1]  The Court

addresses the motions in turn.

I.     **County's motions**

A.     **Res judicata**

Relying on a judgment entered by the United States District Court for the Western

District of Wisconsin, County maintains that Allan Block's remaining claims for breach of

contract are barred by res judicata.  Allan Block contends that res judicata does not bar its

remaining claims, that County failed to timely assert res judicata, and that County acquiesced to

the action in the Western District of Wisconsin.  The Court begins with a review of the litigation

between the parties in the Western District of Wisconsin and the District of Minnesota.

1.     *Background*

Allan Block develops and licenses concrete blocks and related technology for use in the

construction of segmental retaining walls.  Allan Block licenses its blocks and technology to

regional manufacturers that receive exclusive rights to manufacture blocks in a particular area

and to sell the blocks in exchange for royalty payments.  In 1993, Allan Block and County's

predecessor entered into an agreement for the production and sale of blocks.  County later

assumed this agreement.  Allan Block entered into a similar agreement with Quality Concrete

Products, Inc. (Quality), in 1997.  County later acquired the assets of Quality, and County and

Allan Block continued to operate pursuant to the terms of Allan Block's agreement with Quality.

In 2005, Allan Block terminated the agreements.

In November 2005, County brought an action for declaratory relief in the United States

District Court for the Western District of Wisconsin (First Wisconsin Action).  County alleged

---

[1]     At the pretrial conference, County stated that it is not pursuing its remaining
counterclaims.

that it intended to "manufacture, distribute, and sell a mortarless, stackable concrete block," and it sought a declaration that a non-competition clause in the 1993 agreement was unenforceable. In its answer, dated December 9, 2005, Allan Block alleged that County was "barred from obtaining relief because of its own prior breach of the agreement." Allan Block asserted no counterclaim.

On December 12, 2005, Allan Block brought this action (Minnesota Action). Its Complaint contained three counts, two for patent infringement and one for breach of contract. Allan Block alleged that County breached the 1993 agreement by refusing to return licensed technology to Allan Block, continuing to use the technology, and continuing to manufacture blocks. The next month, County moved to dismiss the Minnesota Action, transfer it to the Western District of Wisconsin, or stay it pending resolution of the First Wisconsin Action. County argued that Allan Block should have asserted its claims in the Minnesota Action as counterclaims in the First Wisconsin Action. Allan Block opposed County's motion, arguing that the Minnesota Action "has nothing to do with the non-compete provision" and that the First Wisconsin Action "has nothing to do with patent infringement or [County's] breach of the production agreement[]." On May 12, 2006, the Court denied County's motion to dismiss, transfer, or stay the Minnesota Action. Noting that the First Wisconsin Action raised the issue of the enforceability of a non-compete provision and that Allan Block had not asserted a breach of the non-compete provision in the Minnesota Action, the Court concluded that the actions did not involve factual or legal issues that, if litigated in different forums, would create a danger of conflicting rulings or the duplication of judicial proceedings. The Court nevertheless acknowledged the potential for determinations by the Western District of Wisconsin that would have a preclusive effect in the Minnesota Action:

Finally, should the district court in Wisconsin make any determinations that have a preclusive effect on any issue in this case, the parties will be able to present the Court with any *res judicata* or issue preclusion arguments in the future. The current action was filed in December 2005. As of the motion hearing, discovery had not yet begun. Therefore, there will be ample time to resolve any such issues that may arise after completion of the trial in the Wisconsin action.

*Allan Block Corp. v. County Materials Corp.*, Civ. No. 05-2879, 2006 WL 1371659, at *3 (D. Minn. May 12, 2006). Coincidentally, the same day that the Court denied County's motion to dismiss, transfer, or stay the Minnesota Action, the Western District of Wisconsin granted Allan Block's motion for summary judgment and dismissed the First Wisconsin Action with prejudice. *County Materials Corp. v. Allan Block Corp.*, 431 F. Supp. 2d 937, 952 (W.D. Wis. 2006), *aff'd*, 502 F.3d 730 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1709 (2008).

On May 24, 2006, Allan Block moved for leave to file an amended complaint in the Minnesota Action. Among the claims Allan Block sought leave to add was one against County for breach of the non-competition provisions in the 1993 and 1997 agreements. A few days later, long before its motion to amend was scheduled to be heard, Allan Block was so bold as to move for a temporary restraining order to prevent County's alleged breach of the non-competition provisions notwithstanding its opposition to County's motion to dismiss, transfer, or stay on the ground that the Minnesota Action had "nothing to do with the non-compete provision." Because the Minnesota Action did not contain a claim for breach of the non-competition provisions, the Court denied Allan Block's motion for a temporary restraining order.

County opposed Allan Block's motion for leave to file an amended complaint insofar as Allan Block sought leave to add a claim for breach of the non-competition provisions. County argued that Allan Block's attempt to add the claim for breach of the non-competition provisions contradicted Allan Block's "consistent position in this case that the non-compete is not part of the pleadings," that Allan Block could seek appropriate relief from the Western District of

Wisconsin pursuant to 28 U.S.C. § 2202, and that the addition of the claim for breach of the non-competition provisions "would result in wasteful duplication and potentially conflicting decisions."

On July 5, 2006, the Honorable Jeanne J. Graham, United States Magistrate Judge, denied Allan Block's motion for leave to file an amended complaint insofar as Allan Block sought to add a claim for breach of the non-competition provisions. In an Order dated July 20, 2006, the magistrate judge memorialized the ruling. The magistrate judge found undue delay and bad faith on the part of Allan Block in seeking to add the claim after the Court had denied County's motion to dismiss, transfer, or stay the Minnesota Action. The magistrate judge also found that County would be unfairly prejudiced due to the potential for inconsistent rulings with regard to the non-competition provisions.

On July 20, 2006, Allan Block filed a motion in the Western District of Wisconsin for a permanent injunction and leave to conduct limited discovery regarding damages. Noting that Allan Block had not requested declaratory relief in the First Wisconsin Action, the Western District of Wisconsin denied Allan Block's motion on July 26, 2006.

Two days later, Allan Block objected to the magistrate judge's July 20 Order in the Minnesota Action. In light of the July 20 Order in the Minnesota Action and the July 26 Order in the First Wisconsin Action, Allan Block noted that its only option to assert its claim for breach of the non-competition agreements was "to initiate a new lawsuit relating to just the non-compete provision. This would not be judicially efficient or serve the interests of either party." In its response dated August 4, 2006, County argued that the magistrate judge's July 20 Order should be affirmed:

> Plaintiff Allan Block Corporation ("Allan") was aware of its alleged
> breach of contract claim relating to a non-compete provision in an agreement with

Defendant County Materials Corporation ("County") before Allan filed this Complaint last December. Allan could have brought the claim then or could have had the claim fully adjudicated by now in a separate declaratory judgment action involving the non-compete provision that County had filed in the United States District Court for the Western District of Wisconsin. Instead, Allan unduly delayed and successfully fought County's attempts to transfer this case to Wisconsin. Now, Allan seeks to reverse course and import the non-compete provision into this case. The Magistrate's Order Denying in Part Allan's Motion for Leave to File Amended Complaint found bad faith and undue delay by Allan and correctly noted that County would be unfairly prejudiced if Allan were permitted to do so. The Order is not clearly erroneous or contrary to law and should be affirmed.

With regard to the Western District of Wisconsin's July 26 Order and Allan Block's contemplation of another action, County wrote:

> E.    Allan Will Not be Prejudiced by Denial of Its Motion
>
> Allan also mischaracterizes the impact of the Wisconsin court's July 26 order. Allan will not be prejudiced because "a declaratory action determines only what it actually decides and therefore does not have a claim preclusive effect on other contentions that might have been advanced." Accordingly, Allan can still seek relief in Wisconsin if it chooses to by bringing a new action there. Given the speed of the Wisconsin court's docket, this remains a viable option for Allan.
>
> Allan's suggestion that it would not be judicially efficient or serve the interests of either party if it began such a new lawsuit, is totally contrary to the position Allan has taken since it initiated this action. County initiated the Wisconsin action last November. Allan could have had a resolution of all of the claims between the parties by bringing the claims it has brought in this action as counterclaims in Wisconsin, or by agreeing to transfer the case to Wisconsin. All of these claims would have been fully adjudicated through trial if necessary by June of this year. Instead, Allan deliberately decided not to counterclaim in Wisconsin and successfully fought County's attempt to transfer to that venue. Allan should not now be permitted play fast and loose with this Court by reversing course.

(Citations omitted.)

On August 29, 2006, before this Court ruled on Allan Block's objections to the magistrate judge's July 20 Order, Allan Block commenced an action against County in the Western District of Wisconsin (Second Wisconsin Action). Asserting jurisdiction based on diversity of citizenship, Allan Block claimed in a one-count complaint that County was

breaching the non-competition provisions in the 1993 and 1997 agreements.  Several paragraphs

of Allan Block's complaint in the Second Wisconsin Action follow:

> 15.  In or about May 2005, while the Agreements were still in effect, County Materials began designing a mortarless, stackable concrete retaining wall block to serve as a competitive replacement to Allan Block blocks.

> 16.  In or about November 2005, County Materials sued Allan Block in the United States District Court for the District of Wisconsin, seeking a declaration that that County Non-Compete was invalid and unenforceable.

> 17.  In March and April 2006, while its lawsuit was pending, County Materials began manufacturing and selling a competing product known as the "Victory Block."  County Materials sold the Victory Block in the same territories in which it previously sold Allan Block blocks.

> . . . .

> 19.  On May 12, 2006, U.S. District Judge John C. Shabaz granted judgment in favor of Allan Block, holding that the County Non-Compete was valid and enforceable as a matter of federal and state law.  On May 15, 2006, judgment was entered in favor of Allan Block.

> 20.  Despite the Court's ruling on the enforceability of the County Non-Compete, County Materials continues to manufacture and sell the Victory Block.

> 21.  On information and belief, County Materials is manufacturing, marketing, and selling additional mortarless, stackable, concrete block retaining wall products under additional trademarks in violation of the Non-Competes.

> . . . .

> 25.  By manufacturing and selling the Victory Block in the same territories in which it previously sold Allan Block blocks, County Materials has breached, and continues to breach, the Non-Competes.

On September 11, 2006, approximately two weeks after Allan Block commenced the Second

Wisconsin Action, County asked the Court to dismiss as moot Allan Block's objections to the

magistrate judge's July 20 Order.

On September 13, 2006, County filed its answer in the Second Wisconsin Action.

County asserted that Allan Block's claims were "barred because they were a compulsory

counterclaim in [the First Wisconsin Action], and were not pled in that case." County also asserted that Allan Block was not entitled to equitable relief:

> Allan Block is not entitled to equitable relief because Allan Block has unreasonably delayed in seeking injunctive relief with regard to sales of the Victory block. When County brought [the First Wisconsin Action], Allan Block did not make any counterclaim for enforcement of the non-compete in the County Agreement, but commenced another action in Minnesota. Allan Block's Minnesota action omitted any claim to enforce any non-compete. After judgment of dismissal was entered on May 15, 2006 in [the First Wisconsin Action], Allan Block attempted to amend the Complaint in the [Minnesota Action] to add a cause for violation of non-competes. The proposed amendment to add the non-competes was denied by the Magistrate Judge in the Minnesota action based on a finding that there was undue delay, that Allan Block's delay was in bad faith, and that County Materials had been prejudiced.

On September 18, 2006, noting that County had argued in the Second Wisconsin Action that Allan Block was precluded from seeking relief there, Allan Block opposed County's request to dismiss as moot the objections to the magistrate judge's July 20 Order. The Court ultimately affirmed the magistrate judge's July 20 Order:

> Allan Block filed its motion to amend the complaint more than six months after County signaled its intent to introduce a competing concrete block by filing a declaratory judgment action in the Western District of Wisconsin in November 2005. Allan Block asserts that the earliest it knew it had a ripe claim for breach of the non-compete provision was April 14, 2006, when it learned that County began manufacturing the Victory block. As noted by the magistrate judge, however, Allan Block's filing occurred only after Allan Block received a favorable ruling in this Court on County's motion to dismiss, transfer or stay, in which Allan Block successfully argued that the non-compete provision was not part of this case. The magistrate judge found bad faith in bringing the motion to amend after succeeding in its argument that the non-compete provision was not part of the case.

> The magistrate judge further found that granting the motion would result in unfair prejudice because of the danger of inconsistent rulings from two separate jurisdictions. At the time of the magistrate judge's order, County had expressed its intention of appealing a decision in the [First] Wisconsin Action concerning the enforceability of the non-compete clause. Since the magistrate judge's order, Allan Block has initiated a separate claim involving the non-compete clause in the Western District of Wisconsin. Given the circumstances, the magistrate judge's conclusions that Allan Block's motion was untimely and that allowing the amended complaint would prove unfairly prejudicial are neither clearly erroneous

> nor contrary to law.  Accordingly, the Court affirms the Magistrate Judge's order
> denying in part Allan Block's motion for leave to amend its complaint.

*Allan Block Corp. v. County Materials Corp.*, Civ. No. 05-2879, 2006 WL 3307619, at *9 (D.

Minn. Oct. 30, 2006).

Approximately two months later, a jury trial in the Second Wisconsin Action took place.

The jury found that County had breached the non-competition provisions in the 1993 and 1997

agreements and awarded Allan Block damages in the amount of $290,000.  The Western District

of Wisconsin entered judgment on January 3, 2007, and extended the non-competition provisions

through July 15, 2007.  The Western District of Wisconsin resolved the parties' post-trial

motions on April 23, 2007.  *Allan Block Corp. v. County Materials Corp.*, No. 06-C-476-S, 2007

WL 3547368 (W.D. Wis. Apr. 23, 2007), *aff'd in part and rev'd in part*, 512 F.3d 912 (7th Cir.

2008).

Significant efforts related to Allan Block's claims for patent infringement in the

Minnesota Action took place before and after the jury trial in the Second Wisconsin Action.  The

parties submitted a Joint Claim Construction Statement in early November 2006.  They

submitted briefs regarding claim construction in January 2007.  The Court held a *Markman*

hearing in February 2007.  The Court issued an order construing disputed claim terms in April

2007.  In October 2007, Allan Block moved for a preliminary injunction based on one of its

claims for patent infringement.  The Court denied Allan Block's motion in December 2007.

Settlement discussions were also taking place.  The magistrate judge held a settlement

conference in December 2006.  The parties did not reach a settlement, but their discussions

continued.  In April 2007, the parties stipulated to a modification of the pretrial scheduling order

primarily to permit them to engage in discussions of a global settlement of the Minnesota Action,

the First Wisconsin Action, and the Second Wisconsin Action.  In June 2007, the parties

stipulated again to a modification of the pretrial scheduling order. They represented that their global settlement discussions were ongoing.

Proceedings before the United States Court of Appeal for the Seventh Circuit also took place in 2007. In late March 2007, the Seventh Circuit heard arguments in the appeal from the judgment entered in the First Wisconsin Action. The Seventh Circuit affirmed the Western District of Wisconsin in September 2007 and denied a request for a rehearing and rehearing en banc in October 2007.

The next month, the Seventh Circuit heard the appeal from the judgment entered in the Second Wisconsin Action. In January 2008, the Seventh Circuit affirmed the award of damages to Allan Block and the denial of all other relief sought by Allan Block except damages related to two lines of block—not the Victory Block—that were kept from the jury. The next month, the Seventh Circuit denied a request for a rehearing. On remand, the Western District of Wisconsin granted summary judgment to County on Allan Block's remaining claims for damages in November 2008 and denied Allan Block's motion to alter or amend the judgment in March 2009. Allan Block filed a notice of appeal in March 2009.

In the Minnesota Action, the parties moved for partial summary judgment in July and August 2008. The Court heard the motions in October 2008 and decided the motions on December 17, 2008. As noted above, the Court dismissed most of Allan Block's claims in the December 17 Order. Allan Block's remaining claims appear in Counts One, Two, and Three of its Amended Complaint. In Count One, Allan Block claims that County breached the 1993 and 1997 agreements by failing to cease use of Allan Block's technology, to return Allan Block's technology and molds to Allan Block, and to cease manufacture of Allan Block's block upon the

agreements' termination.[2]  In Count Two, Allan Block claims that County breached the agreements by using the technology and molds to develop and promote the Victory Block.  In Count Three, Allan Block claims that County breached the agreements by developing, manufacturing, and selling the Victory Block without informing Allan Block or obtaining Allan Block's permission to do so.

In March 2009, the Court issued a notice of jury trial.  In its trial brief, Allan Block asserts that it intends to present evidence that County breached the 1993 and 1997 agreements by developing, manufacturing, and selling the Victory Block using Allan Block's molds and technology, and that County breached the agreements by modifying Allan Block's block to create the Victory Block without assigning the modifications to Allan Block.  In late May 2009, the parties filed several motions in limine, including County's motion that asserts res judicata.

### 2. *Whether res judicata applies*

Relying on the judgment entered in the Second Wisconsin Action, County asserts that res judicata bars Allan Block from pursuing its remaining claims for breach of contract.  County and Allan Block agree that the Court should apply Minnesota law to resolve this issue.  The Court proceeds accordingly.  *Cf. Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 n.4 (2008); *Allan Block Corp. v. County Materials Corp.*, 512 F.3d 912, 915 (7th Cir. 2008).

Under Minnesota law, "[t]he doctrine of res judicata (claim preclusion) bars a claim when litigation on a prior claim involved the same cause of action, there was a judgment on the merits, and the claim involved the same parties or their privies."  *Nelson v. Am. Family Ins. Group*, 651 N.W.2d 499, 511 (Minn. 2002).  The doctrine applies only if the party against whom it is asserted had a full and fair opportunity to litigate the matter in the prior proceeding.  *Id.*  "If

---

[2]     On December 17, 2008, the Court dismissed Count One insofar as it is based on County's alleged failure to return molds.

those requirements are met, res judicata bars not only claims as to matters actually litigated, but also as to every matter that might have been litigated in the prior proceeding." *Id.*; *see Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007).

Here, it is undisputed that the parties to the Minnesota Action and the parties to the Second Wisconsin Action are the same. It is also undisputed that there was a judgment on the merits in the Second Wisconsin Action.

The parties dispute whether the Second Wisconsin Action and the Minnesota Action involved the same cause of action. "Res judicata requires the same cause of action be asserted in both suits. The cause of action is the same when it involves the same set of factual circumstances or when the same evidence will sustain both actions." *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 533 (Minn. 1988) (citation omitted); *see Hauschildt v. Beckingham*, 686 N.W.2d 829, 840-41 (Minn. 2004) (stating that the focus of res judicata is whether the second claim arises out of the same factual circumstances; noting that the common test for determining whether a prior judgment bars a subsequent action is to determine whether the same evidence will sustain both actions).

The Court's review of Allan Block's allegations in the Second Wisconsin Action and the Minnesota Action indicates that the cases involved the same cause of action. As noted above, Allan Block alleged in the Second Wisconsin Action that County started to design a mortarless, stackable concrete retaining wall block to compete with Allan Block blocks in May 2005; that County started to manufacture and sell its competing product, the Victory Block, in March or April 2006; and that County had breached the non-competition provisions by manufacturing and selling the Victory Block and other blocks. In the Minnesota Action, Allan Block alleged, "Although Allan Block terminated the County Agreements, County has failed to cease

manufacture using Allan Block's Technology, return Allan Block's Molds and other

Technology, and cease manufacturing the Block." Allan Block also alleged that "County

breached the County Agreements by using the Molds and other Technology for an improper

purpose – namely to develop the Modified Block [Victory Block]." In addition, Allan Block

alleged that "County breached the County Agreements when it developed the Modified Block,

which is an improvement, betterment or modification of the Block, without informing Allan

Block, and by manufacturing and selling the Modified Block without Allan Block's permission."

Allan Block's responses to County's interrogatories in the Minnesota Action also indicate

that the cases involve the same cause of action. Asked by County for the basis of its claim for

breach of contract relating to limited use provisions, Allan Block responded in part:

> Allan Block provides below a basis and facts supporting its allegations, but relies
> on all the facts and testimony adduced in this litigation (and the Wisconsin
> Actions) to support these allegations. . . . Allan Block states that County Materials
> breached the limited use provisions of the Production Agreements by using Allan
> Block's Technology and Molds to develop and manufacture the Victory Block.

Asked by County for the basis of its claim for breach of contract relating to modification

provisions, Allan Block responded:

> Allan Block provides below a basis and facts supporting its allegations, but relies
> on all the facts and testimony adduced in this litigation (and the Wisconsin
> Actions) to support these allegations. . . . Allan Block states that County Materials
> breached the modification provisions of the Production Agreements by using
> Allan Block's Technology and Molds to develop and manufacture the Victory
> Block, which is a modification of the Allan Block block.

Finally, in response to County's request for the basis of its claim for breach of contract relating

to an alleged failure to cease manufacture and return Technology, Allan Block stated, "Allan

Block provides below a basis and facts supporting its allegations, but relies on all the facts and

testimony adduced in this litigation (and the Wisconsin Actions) to support these allegations."

Allan Block also incorporated an interrogatory answer that asserted that County tortiously

interfered with contractual relations by using Allan Block's Technology and Molds to develop and manufacture the Victory Block. Allan Block's alleged damages included "the lost royalties and/or lost sales resulting [from] the sale of Victory blocks."

Allan Block attempts with surgical precision to distinguish the Minnesota Action from the Second Wisconsin Action, but Allan Block's argument that the cases do not involve the same cause of action draws too fine a line. The same set of factual circumstances—the development, manufacture, and sale of the Victory Block by County allegedly in violation of production agreements entered into with Allan Block—are at issue in both cases. Thus, the Court concludes that the Minnesota Action and the Second Wisconsin Action involve the same cause of action. *See Hauschildt*, 686 N.W.2d at 840 ("[R]es judicata concerns circumstances giving rise to a claim and precludes subsequent litigation—regardless of whether a particular issue or legal theory was actually litigated. . . . Res judicata not only applies to all claims actually litigated, but to all claims that could have been litigated in the earlier action.").

Finally, the fourth prong of res judicata under Minnesota law, which the parties do not address, "generally focuses on 'whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.'" *State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001) (quoting *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990)). Here, the record reveals that Allan Block had a full and fair opportunity to litigate the matter in the Second Wisconsin Action. Before this Court had ruled on Allan Block's objections to the magistrate judge's July 20 Order, Allan Block elected to commence a separate action against County solely for breach of the non-competition provisions in the Western District of Wisconsin. The Court discerns no significant procedural limitations placed on Allan Block in

the Second Wisconsin Action. Allan Block and County vigorously contested the matter in the Western District of Wisconsin and the Seventh Circuit. The Seventh Circuit characterized Allan Block and County as "pertinacious antagonists" and the dispute between them a "war." *Allan Block*, 512 F.3d at 921.

In short, Allan Block's remaining claims for breach of contract present the same cause of action that was litigated in the Second Wisconsin Action. Unless County waived res judicata or acquiesced to the Second Wisconsin Action, res judicata bars Allan Block from pursuing these claims.

### 3. Whether County waived res judicata

Allan Block contends that County waived res judicata by failing to timely assert it. "Issues of res judicata and collateral estoppel are viewed as affirmative defenses under [Rule 8(c) of the Federal Rules of Civil Procedure], and must generally be pled or else they may be deemed waived." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir. 1997); *cf. Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) ("Collateral estoppel may be raised at any stage of the proceedings, so long as it is raised at the first reasonable opportunity after the rendering of the decision having the preclusive effect."). County contends that it "moved quickly by motion to assert the defense when it became available to it with the entry of judgment in the Second Wisconsin Action." The Court does not find County's contention persuasive.

County first raised res judicata more than two years after the Western District of Wisconsin had entered judgment in the Second Wisconsin Action. County accurately notes that the Western District of Wisconsin entered judgment in the Second Wisconsin Action after the deadline for amendments to the pleadings in the Minnesota Action had passed. County

nevertheless could have asserted res judicata as soon as the defense became available. *See First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007) (holding technical failure to comply with Rule 8(c) is not fatal when affirmative defense is raised in a manner that does not result in unfair surprise). The defense was available no later than early 2007, when the Western District of Wisconsin entered judgment in the Second Wisconsin Action. The proceedings before the Seventh Circuit and before the Western District of Wisconsin on remand presented no obstacle to County's assertion of res judicata. *See Brown-Wilbert*, 732 N.W.2d at 221 (holding, for res judicata purposes, that "a judgment becomes final when it is entered in the district court and it remains final, despite a pending appeal, until it is reversed, vacated or otherwise modified"). Having delayed more than two years after the entry of judgment in the Western District of Wisconsin to assert res judicata here, County waived the defense.

County nevertheless contends that the Court should apply res judicata *sua sponte* without regard to any alleged waiver of the defense. "Judicial initiative of this sort might be appropriate in special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000). For example, if a court has previously decided the issue presented, then the court may dismiss the action *sua sponte* even though the defense was not raised. *Id.*; *see Hanig v. City of Winner*, 527 F.3d 674, 677-78 (8th Cir. 2008) (holding district court properly invoked res judicata despite defendant's explicit disclaimer of the doctrine where actions differed only with regard to relief sought); *Bechtold*, 104 F.3d at 1067-69 (applying collateral estoppel *sua sponte* to affirm district court). "Where no judicial resources have been spent on the resolution of a question, trial courts must be cautious about raising a preclusion bar *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication." *Arizona*, 530 U.S. at 412-13. That the

dispute between Allan Block and County has consumed judicial resources aplenty tempts the

Court to apply res judicata here.[3] *See Arizona*, 530 U.S. at 412-13 (noting policies underlying

res judicata are the defendant's interest in avoiding the burdens of twice defending a suit and the

avoidance of unnecessary judicial waste); *Hanig*, 527 F.3d at 678 (holding district court properly

invoked res judicata to avoid unnecessary judicial waste notwithstanding party's failure to plead

res judicata and explicit disclaimer of the doctrine). Nevertheless, application of res judicata

here is inappropriate because County acquiesced to the Second Wisconsin Action. *See Klipsch,

Inc. v. WWR Tech., Inc.*, 127 F.3d 729, 734 (8th Cir. 1997); *Buchanan v. Dain Bosworth Inc.*,

469 N.W.2d 508, 509-10 (Minn. Ct. App. 1991).

     As noted above, Allan Block attempted to amend its Complaint in the Minnesota Action

to add a claim for breach of the non-competition provisions. County's opposition to Allan

Block's motion rested in part on County's assertion that Allan Block could, "at any time, seek

---

[3]    County commenced the First Wisconsin Action in the Western District of Wisconsin. That action was dismissed on summary judgment. The Seventh Circuit affirmed and denied a request for a rehearing and rehearing en banc. The United States Supreme Court denied a petition for certiorari. Shortly after County commenced the First Wisconsin Action, Allan Block brought the Minnesota Action. Allan Block later commenced the Second Wisconsin Action in the Western District of Wisconsin. The Western District of Wisconsin entered judgment after a jury trial. The Seventh Circuit affirmed in part, reversed in part, and remanded. In remanding, the Seventh Circuit expressed the hope that sufficient guidance had been provided to enable the Second Wisconsin Action, whose remaining stakes were small, to be settled without further proceedings. *Allan Block*, 512 F.3d at 921. The Seventh Circuit's hopes were disappointed. The parties disputed the appropriate scope of proceedings on remand. Finding the Seventh Circuit's mandate "unequivocal," the Western District of Wisconsin resolved the parties' dispute about the scope of the proceedings on remand. Like the Seventh Circuit, the Western District of Wisconsin encouraged the parties to settle: "The parties have a deadline for filing motions for summary judgment, but I suggest that their time and resources would be better spent determining what sum of money could resolve this case." *Allan Block Corp. v. County Materials Corp.*, No. 06-cv-476-bbc, 2008 WL 2783532, at *2 (W.D. Wis. July 17, 2008). Later, the Western District of Wisconsin dismissed Allan Block's remaining claims. *Allan Block Corp. v. County Materials Corp.*, 588 F. Supp. 2d 976, 977 (W.D. Wis. 2008). Allan Block has appealed again to the Seventh Circuit—and no doubt it will take the patent aspects of the Minnesota Action to the United States Court of Appeals for the Federal Circuit.

any appropriate relief from the Western District of Wisconsin pursuant to 28 U.S.C. § 2202." After unsuccessfully seeking relief under section 2202 from the Western District of Wisconsin, Allan Block objected to the magistrate judge's denial of its motion to amend. Unless the denial of its motion to amend was reversed, Allan Block noted that its only option to assert its claim for breach of the non-competition provisions was to commence a new action related solely to them. In response to Allan Block's objection, County represented that Allan Block would not be prejudiced by the denial of its motion to amend and that Allan Block could "still seek relief in Wisconsin if it chooses to by bringing a new action there." Noting that Allan Block had brought the Second Wisconsin Action, this Court affirmed the denial of Allan Block's motion to amend.

County contends that its response to Allan Block's objections to the magistrate judge's July 20 Order merely pointed out that Allan Block's only remaining option to pursue its claim for breach of the non-competition provisions was to institute a new action. County maintains that it did not agree that Allan Block's commencement of such an action would be without consequences, and that "we're not [Allan Block's] counsel." Taunting Allan Block into commencing the Second Wisconsin Action is, in the Court's view, tantamount to acquiescence, especially in light of County's representation that Allan Block would not be prejudiced by the denial of its motion to amend. Accordingly, the Court concludes that County acquiesced to Allan Block's splitting of its claim. *See Buchanan*, 469 N.W.2d at 510 (noting courts have applied the Restatement (Second) of Judgments § 26(1)(a) (1982) to allow a plaintiff to pursue a second suit where the defendant gave some positive indication of its acquiescence in the splitting of the claim).

In short, the Court concludes that County waived res judicata by failing to timely assert it and by acquiescing to the Second Wisconsin Action. The Court therefore denies County's motion to dismiss Allan Block's remaining claims based on res judicata.

**B.** **Newly Alleged Damages and Entry of Judgment**

County moves to preclude Allan Block from introducing evidence of newly alleged damages. County also contends that Allan Block's failure to disclose any evidence of damages associated with the remaining claims for breach of contract renders dismissal of the claims appropriate. Allan Block responds that it will offer evidence at trial of damages that it already disclosed.

The Court begins by summarizing Allan Block's disclosures regarding damages associated with its remaining claims for breach of contract. Asked in an interrogatory for information about "each kind of damage Allan [Block] alleges it has suffered as a result of any action by County," Allan Block responded that it had experienced damage from County's unauthorized use of Allan Block's Technology and modification of Allan Block's block in the form of lost profits or reasonable royalties for each manufacture or sale of the Victory Block. In response to subsequent interrogatories, Allan Block reiterated that it had experienced damages in the form of lost royalties or lost sales from sales of the Victory Block. Later, Allan Block's expert, Arthur Cobb, submitted a report that analyzed Allan Block's damages from patent infringement, tortious interference with contract, and breach of contract. Cobb estimated the damages as lost royalties from County's sales of the Victory Block. At his deposition, Cobb confirmed the nature of his report.

Reading Cobb's report to relate solely to damages from patent infringement, County moved to compel Allan Block to completely disclose its damages. Allan Block opposed the

motion on the ground that it had adequately disclosed its damages to County. The magistrate

judge granted County's motion:

> County claims that it is unclear if Allan has fully disclosed the damages it
> seeks to recover in this action. While County cites five interrogatories regarding
> damages issues, the main issue boils down to whether Allan seeks damages
> beyond lost royalties resulting from patent infringement.
>
> Allan's damages expert, Arthur Cobb, opines in his report that Allan
> suffered lost royalties of approximately $32,000. If Allan seeks other types of
> damages, County wants to know which types and approximate amounts. If Allan
> seeks no other damages, County wants to know this as well.
>
> Allan responds that Cobb's analysis sets forth in sufficient detail its
> damages claim regarding patent infringement. It states that, with regard to the
> value of the molds Allan contends County wrongfully retained, the issue is largely
> moot because County has now returned the molds.
>
> A review of Cobb's report reflects that he opines only as to the value of
> Allan's lost royalties due to County's sale of Victory Block. If Allan seeks other
> monetary damages, it must specify the types (including identifying under which
> legal claim or claims the alleged damages arise) and amounts of any such
> damages by July 1, 2008. Allan agreed at the hearing that it would not submit any
> additional expert reports. County must submit any rebuttal expert reports by July
> 9, 2008.
>
> The Court, therefore, grants County's motion with respect to its damages
> interrogatories to the extent described above.

In response to the magistrate judge's Order, Allan Block disclosed information regarding its

claim for lost use of molds. The Court later excluded this information.

The Court's review of the record reveals that Allan Block has disclosed the damages that

it seeks for County's alleged breaches, namely, monetary damages in the form of lost royalties

due to County's sale of the Victory Block. Although the dispute before the magistrate judge

focused on Allan Block's claim for damages from patent infringement, the magistrate judge

acknowledged that County's motion relied on interrogatories related to Allan Block's claim for

breach of contract. The magistrate judge correctly characterized Cobb's opinion as addressing

the value of Allan Block's lost royalties from County's sales of the Victory Block. To the extent

Allan Block sought other monetary damages, Allan Block had to specify the types and amounts. As already noted, Allan Block had already disclosed its claim for damages for breach of contract in the form of lost royalties.

County also contends that the measure of damages used by Cobb to estimate Allan Block's damages is improper. The Court rejects this argument. *See Allan Block Corp. v. E. Dillon & Co.*, 509 F. Supp. 2d 795, 809 n.8 (D. Minn. 2007) (concluding that jury could reasonably have found that Allan Block was entitled to royalties for defendant's manufacture and sale of a block that was a producer's improvement), *aff'd*, 287 F. App'x 109 (Fed. Cir. 2008) (per curiam); *cf. Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir. 2008) (holding district court did not err by excluding royalty rate from measure of damages where royalty payments were not reasonably foreseeable result of breach).

In short, to the extent County moves to preclude Allan Block from introducing newly alleged damages, the Court denies the motion as moot. To the extent County moves to dismiss Allan Block's remaining claims for breach of contract, the Court denies the motion.

### C. Strike jury demand

County moves to strike Allan Block's jury demand. County bases its motion on the assertion that Allan Block failed to disclose any evidence of damages relating to the remaining claims for breach of contract. For the reasons set forth above, the Court rejects the premise of County's motion to strike Allan Block's jury demand. Consequently, the Court denies County's motion.

### D. Define Technology

County asks the Court to construe "Technology" in the 1993 and 1997 agreements to mean "technology that is proprietary to Allan Block, *i.e.*, information or materials in which Allan

Block has an exclusive ownership right, such as a patent, copyright, trademark, or trade secret."

If the term includes "information or materials that are in the public domain and are not subject to

any patent, trademark, copyright or trade secret protection," then County contends that

provisions of the 1993 and 1997 agreements are void.

The definition of "Technology" in the 1993 agreement is:

> Licensor [Allan Block] has developed certain technology for the construction of retaining walls based on the use of a proprietary design cement block (the "Block"). Licensor has applied for and been granted patents relating to such technology. Licensor has also developed the technology for certain proprietary molds (the "Molds") to be used in the production of the Block. The Molds, the granted patent, the foregoing technology, and all other unpatented related know-how, trade secrets, processes, designs, technical data and inventions, whether patentable or not, owned or used by Licensor in connection with the Block are referred to as the "Technology."

The 1997 agreement defines "Technology" as:

> Licensor [Allan Block] is the owner of certain trademarks, servicemarks and applications (the "Marks"); patent rights and applications (the "Patents"); and marketing materials and copyrights (the "Marketing Materials"); as shown on Exhibit A. Licensor has developed and owns certain technology and know-how relating to mortarless concrete block wall systems (the "Blocks"); and technology related to proprietary mold parts and designs (the "Molds") as shown on Exhibit B. Certain matters relating to design, development, production, marketing and installation of the Blocks are confidential (the "Proprietary Information"). The Marks, Patents, Marketing Materials, Blocks, Molds and Proprietary Information, and all other unpatented, related know-how, trade secrets, processes, designs, technical data and inventions, whether patentable or not are referred to as the "Technology."

The Court declines to limit "Technology" in the manner requested by County and declines to

dismiss Count Three. *See Allan Block*, 509 F. Supp. 2d at 806-07; *Allan Block Corp. v. E. Dillon*

*& Co.*, Civ. No. 04-3511, 2005 WL 1593010, at *4 (D. Minn. July 1, 2005), *aff'd*, 170 F. App'x

130 (Fed. Cir. 2006) (per curiam). Thus, the Court denies County's motion.

### E.    Arthur H. Cobb's testimony

County moves to exclude the testimony of Arthur H. Cobb.  This motion is essentially the same as County's motion to exclude evidence of newly alleged damages and for entry of judgment on remaining claims.  For the reasons set forth above, the Court denies County's motion.

### F.    Exclude evidence under Rule 403 of the Federal Rules of Evidence

County moves to exclude evidence regarding Allan Block's claim related to molds, previous litigation between Allan Block and County, County's disputes with third parties, and Allan Block's litigation with a third party as irrelevant or unfairly prejudicial.  The Court reserves ruling on County's motion.

### G.    Alain Dorais' testimony

County moves to exclude the testimony of Alain Dorais on the grounds that it is not based on scientific, technical, or specialized knowledge; that it is not helpful to the trier of fact; that it will unduly delay the proceedings; and that it will waste time.  *See* Fed. R. Evid. 403, 702. "Expert testimony should be admitted if the expert's specialized knowledge will assist the trier of fact in determining an issue in the case. . . . Attacks on the foundation for an expert's opinion, as well as the expert's conclusions, go to the weight rather than the admissibility of the expert's testimony."  *Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 954-55 (8th Cir. 2000).  The Court's review of Dorais' report reveals that his opinion regarding whether the Victory Block is a modification, derivation, or evolution of Allan Block's block is based on technical or specialized knowledge, that it will assist the trier of fact, that it will not unduly delay the proceedings, and that it will not waste time.  Thus, the Court denies County's motion.

## II.    Allan Block's motions

### A.    Expert testimony regarding derivation of the Victory Block

Allan Block moves to preclude County from introducing an expert opinion relating to the derivation of the Victory Block because County's expert, Robert Drysdale, did not disclose such an opinion in discovery.  County represents that it is not going to call Drysdale to testify at trial.  Accordingly, the Court denies as moot Allan Block's motion.

### B.    Evidence regarding patents, including Thomas Miller's testimony

Allan Block asserts that County should not be allowed to introduce evidence regarding the invalidity of the certain patent claims.  As noted above, the 1993 and 1997 agreements' definitions of Technology include the phrase "whether patentable or not."  Evidence of a patent claim's invalidity is irrelevant or will needlessly confuse the jury.  Insofar as Allan Block seeks to preclude County from introducing evidence of a patent claim's invalidity, the Court grants Allan Block's motion.

Allan Block also seeks to preclude County from offering the testimony of Thomas Miller, a patent attorney.  County expects Miller to testify about County's conception and development of the Victory Block.  County also expects Miller to testify about steps taken by County to avoid any use of Allan Block's proprietary information.

Allan Block contends that County cannot offer Miller at trial because County refused to permit him to answer questions except with regard to his opinion of non-infringement.  At Miller's deposition, Allan Block asked, "What did Mr. Miller do in his role of interpretation as it relates to design or development of the new standard block?"  Asserting the attorney-client privilege, County's counsel instructed Miller not to answer the question.  County's counsel also indicated that there was "no waiver except with regard to the opinions of non-infringement."  To

the extent County instructed Miller not to answer a question at his deposition, County acknowledges that it cannot present Miller's testimony at trial. County nevertheless contends that Miller should be allowed to testify about his involvement in the development of the Victory Block. In support, County points to the disclosure of Miller's non-infringement opinion and of certain communications between County and Miller regarding patent issues. County's argument, based on the disclosure of Miller's non-infringement opinion and communications between County and Miller regarding patent issues, is not persuasive. The issue of patent infringement will not be part of the trial. Having asserted its attorney-client privilege except with regard to Miller's non-infringement opinion, County cannot introduce Miller's testimony at trial. The Court grants Allan Block's motion.

###    C.    Production Agreement with Quality Concrete

Allan Block moves to preclude County from denying that it is bound by the Quality Agreement. County concedes that it is bound by the Quality Agreement. Accordingly, the Court denies as moot Allan Block's motion.

###    D.    Receipt of Technology

Allan Block seeks to preclude County from denying that it received "Technology" within the meaning of the 1993 and 1997 agreements. Allan Block relies on the decisions of the Western District of Wisconsin and the Seventh Circuit in the First Wisconsin Action. *See County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 738 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1709 (2008); *County Materials*, 431 F. Supp. 2d at 942. In concluding that the non-competition provision of the 1993 agreement did not violate Minnesota law, the Western District of Wisconsin and the Seventh Circuit recognized that County had received confidential information from Allan Block. *See County Materials*, 502 F.3d at 738; *County Materials*, 431 F.

Supp. 2d at 942. The record does not adequately demonstrate that the issue of whether County received Technology within the meaning of the 1993 and 1997 agreements was the same as that adjudicated in the First Wisconsin Action and that resolution of the issue was necessary and essential to the judgment in the First Wisconsin Action. Accordingly, the Court denies Allan Block's motion. *See Hauschildt*, 686 N.W.2d at 837-38.

### E.  Arguments based on public policy

Allan Block anticipates that County will present evidence and arguments at trial to demonstrate that the 1993 and 1997 production agreements are void in light of public policy. Allan Block seeks to prevent County from doing so. The Court reserves ruling on this motion.

### F.  Wall failures

Allan Block moves to preclude County from offering any evidence of failures of walls made of Allan Block blocks. County responds that it "has no intention of introducing evidence of Allan Block wall failures at trial, except in the event that [Allan Block] opens the door by offering evidence or argument comparing the quality of [County's] Victory Block product to [Allan Block's] products." Accordingly, the Court reserves ruling on Allan Block's motion.

## III.  Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  County's Motion in Limine to Dismiss Claims Barred by Res Judicata [Docket No. 381] is DENIED.

2.  County's Motion in Limine to Exclude Evidence of Newly Alleged Damages and for Entry of Judgment on Remaining Claims [Docket No. 384] is DENIED as moot with regard to newly alleged damages and otherwise DENIED.

3.  County's Motion in Limine to Strike Jury Demand [Docket No. 387] is DENIED.

4.	County's Motion in Limine to Define "Technology" and, if Necessary, Dismissal of Count Three [Docket No. 389] is DENIED.

5.	County's Motion in Limine to Exclude Testimony from Arthur H. Cobb [Docket No. 392] is DENIED.

6.	County's Motion in Limine to Preclude Introduction of Evidence Barred Under Federal Rule of Evidence 403 [Docket No. 395] is RESERVED.

7.	Allan Block's Motion in Limine to Exclude Expert Testimony Regarding the Derivation of the Victory Block [Docket No. 411] is DENIED as moot.

8.	Allan Block's Motion in Limine to Exclude Evidence Regarding Patents, including Testimony from Thomas Miller, Esq. [Docket No. 412] is GRANTED.

9.	Allan Block's Motion in Limine to Preclude County Materials from Denying that it is Bound by the Production Agreement with Quality Concrete [Docket No. 413] is DENIED as moot.

10.	Allan Block's Motion in Limine to Preclude County Materials from Denying that it Received "Technology" as Defined Under the Production Agreements [Docket No. 414] is DENIED.

11.	Allan Block's Motion in Limine to Exclude Evidence or Arguments Based on Public Policy [Docket No. 415] is RESERVED.

12.	Allan Block's Motion in Limine to Exclude Evidence Regarding Wall Failures [Docket No. 416] is RESERVED.

13.	County's Motion in Limine to Exclude Testimony from Alain Dorais [Docket No. 420] is DENIED.

Dated:  July 6, 2009

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge