UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Allan Block Corporation,

       Plaintiff,

v.                                                                                     Civil No. 05-2879 (JNE/JJG)
                                                                                   ORDER

County Materials Corp.,

       Defendant.

The Court scheduled this case for trial on Monday, July 13, 2009. On Saturday, July 11, 2009, the parties settled the claims that were still pending for trial. The parties will file a notice of dismissal this week. The case is before the Court on Allan Block Corporation's request for permission to file a motion to vacate a portion of the Court's Order dated December 17, 2008.

Allan Block seeks to vacate the Court's conclusion that the asserted claims of U.S. Patent No. 5,484,236 are invalid. "After settlement," Allan Block writes, "the only claim remaining between the parties is County Materials' counterclaim for declaratory judgment of invalidity of certain claims of the '236 patent." Allan Block states that it preserved its right to appeal the invalidity determination; that the parties agreed that Allan Block could submit a request without opposition to vacate the invalidity determination; that the Court's decision on Allan Block's request to vacate does not affect the settlement; that Allan Block will appeal to the United States Court of Appeals for the Federal Circuit if the invalidity determination is not vacated to avoid potential procedural problems in reexamination proceedings; and that "[i]f necessary, County Materials will not oppose the appeal to the Federal Circuit." Discerning no exceptional circumstances that would render vacatur appropriate, the Court denies Allan Block's request. *See Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1220-21 (Fed. Cir. 2001); *see also In re Swanson*, 540 F.3d 1368, 1377-78 (Fed. Cir. 2008) (noting that a reexamination is

1

conducted according to the procedures established for an initial examination and that "PTO examination procedures have distinctly different standards, parties, purposes, and outcomes compared to civil litigation"); *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) ("The court is not required to stay judicial resolution in view of the reexaminations."); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1429 (Fed. Cir. 1988) ("[I]f a court finds a patent invalid, and that decision is either upheld on appeal or not appealed, the PTO may discontinue its reexamination.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Allan Block's request for permission to file a motion to vacate [Docket No. 450] is DENIED.

Dated: July 15, 2009

                                                    s/ Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge